```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**JESSE A. SAMPSON,**

       **Plaintiff**

**v.**                                            **Civil Action No.: 2:05-0268**

**JO ANNE BARNHART,**
**Commissioner of**
**Social Security,**

       **Defendant**


<u>**MEMORANDUM OPINION AND ORDER**</u>

**This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered May 17, 2006.**

I.

**Plaintiff Jesse A. Sampson, now 40, filed his application for social security income ("SSI") and disability insurance benefits ("DIB") on February 27, 2002, alleging disability as of December 29, 1999, due to neck and back pain and**

numbness in his arms and legs.  A hearing was conducted on plaintiff's claim on February 13, 2003, and a supplemental hearing was conducted on May 20, 2003, subsequent to which the administrative law judge ("ALJ"), Theodore Burock, issued a decision dated October 30, 2003 ("the Burock decision"), finding that plaintiff was not entitled to benefits.  The decision became final on March 3, 2005, after the Appeals Council denied plaintiff's request for review.

On April 1, 2005, plaintiff filed this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g).  The issue before the court is whether the final decision of the Commissioner of the Social Security Administration denying plaintiff's claim for benefits is supported by substantial evidence.  <u>See</u> 45 U.S.C.A. § 405(g); <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).  The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff filed his objections thereto on May 31, 2006, contending that: (1) the ALJ failed to give appropriate weight to the opinions of treating physician Dr. Mahendrakumar Shah; (2)

2

the ALJ failed to "assign the proper degree of credibility" to plaintiff's complaints of pain; and (3) plaintiff, pursuant to subsequent applications filed by him on June 23, 2004, was awarded Title II (DIB) and Title XVI (SSI) benefits on May 26, 2006. (Obj. at 1-2.) Defendant filed a response to the objections on June 13, 2006, arguing that the magistrate judge had fully dealt with the issues presented by plaintiff's objections, but further asserting that this case is moot based on the May 26th award of benefits on the subsequent applications. Plaintiff filed a delayed reply, at the request of the court, on August 8, 2006. In the reply plaintiff argues that the case should not be dismissed as moot because the May 26th decision awarded SSI benefits only from July 1, 2004, and, though the plaintiff's DIB benefits have been reopened and reviewed by that decision, an award letter for DIB benefits has not yet been issued. Plaintiff adds that when the DIB award letter is issued, the benefits thereby received may make him ineligible for SSI and at that point this case may become moot.

Neither party furnished a copy of the May 26th award, but defendant asserts that "the ALJ reopened and revised the prior application and awarded benefits for the entire time period" (Def. Resp. at 2), and plaintiff states that "it has been

determined . . . that [he] has been disabled since December 29, 1999[,] and continues to be disabled to date" (Obj. at 9). Plaintiff also states that he "met the insured status requirements through March 31, 2003." (Obj. at 9.) Plaintiff argues that the claim that is the subject of this case "should be awarded or, at a minimum, remanded for additional development concerning re-opening of the prior applications, currently approved . . . in [the] May 26, 2006[,] decision." (Obj. at 9.)

II.

The court perceives no reason to remand this matter or dismiss it as moot or otherwise depart from the magistrate judge's recommendation. Having reviewed the record de novo, the court concludes that the first and second areas of objection were addressed at length by the magistrate judge, who found that substantial evidence supported the finding that plaintiff's neck and back pain and arm and leg numbness are not disabling. Specifically, plaintiff has the maximum functional capacity to perform light work. (See Tr. at 33.)

Plaintiff's first objection is that "the ALJ failed to give appropriate weight to [his] treating physician, Dr. M.C.

4

Shah." (Obj. at 2.) The magistrate judge aptly addressed this assertion, noting that the opinion of Dr. Shah was based on his initial visit with the claimant, and that Dr. Shah's report "did not detail any specific functional limitations and did not offer any clinical findings in support of that opinion." (PFR at 17.) The magistrate judge further noted the ALJ's indication that he afforded some weight to Dr. Shah's later physical capacity assessment, based on the frequency with which he treated plaintiff over an approximately 16-month period of time, but that limitations set forth in the report were not well supported by objective clinical or laboratory findings. (PFR at 18.) Plaintiff suggests that the report of an evaluation performed by Dr. Stephen Nutter provides the necessary support for Dr. Shah's opinion. (Obj. at 4.) But, as the magistrate judge pointed out, Dr. Nutter did not draw conclusions from his findings. The magistrate judge found that the ALJ properly discounted the opinions of Dr. Shah. Plaintiff having identified no sufficient reason for the court to depart from the magistrate judge's finding, the court adopts the report of the magistrate judge with respect to this ground.

Second, the plaintiff contends that the ALJ "failed to assign the proper degree of credibility" to plaintiff's

5

complaints of pain.  (Obj. at 6.)  As explained by the magistrate judge, the record did not support the severity of pain and numbness about which plaintiff complained with regard to his neck, shoulder, and low back.  (PFR at 23.)  Moreover, the magistrate judge reiterated the ALJ's findings that plaintiff had no treating physician and took no medications at the time he first visited Dr. Shah in October 2001, shortly prior to filing for benefits.  (PFR at 23.)  The ALJ noted plaintiff's medication regimen, which he found refuted disabling pain and numbness, and evaluated claimant's activities of daily living.  Upon review of the ALJ's discussion, the magistrate judge found that the ALJ's analysis was supported by substantial evidence, and that he properly considered the pain and credibility factors.  (PFR at 24.)  Plaintiff has shown no reason why the ALJ should be found to have erred in the pain and credibility analysis.

                              III.


        With regard to the conflicting decision of May 26, 2006, awarding benefits -- a decision which neither party supplied -- it does not appear that it provides an adequate basis for granting plaintiff's requested relief.  Plaintiff asserts that he filed applications for DIB and SSI benefits on two

occasions: January 27, 2002[1], which filing culminates in this civil action; and June 23, 2004, which filing ultimately resulted in the second ALJ decision ("the Taylor decision").  It is the Taylor decision that plaintiff argues conflicts with the magistrate judge's recommendation that the court affirm the Commissioner with respect to the Burock decision.  Plaintiff contends that unless and until it is determined that he is ineligible for SSI benefits prior to July 1, 2004, he "cannot relinquish his claim for SSI benefits for the period in question", and his claim is not moot.

      The court concludes that the parties' representations regarding the Taylor decision, which neither party has provided to the court, are not sufficient to set aside or disregard the magistrate judge's factual findings, based as they are on the record before the court.

---

[1] Though plaintiff asserts that his earlier application was filed January 27, 2002, the Burock decision reflects that it was filed February 27, 2002, with a protected filing date of January 23, 2002.

IV.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied; defendant's motion for judgment on the pleadings be, and it hereby is, granted; and the final decision of the Commissioner be, and it hereby is, affirmed, but without prejudice to the applications filed by the plaintiff on June 23, 2004.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: August 9, 2006

John T. Copenhaver, Jr.
United States District Judge